**STATE ex rel. INDIANA SUPREME COURT DISCIPLINARY COMMISSION, Relator,**

v.

**Stuart SHOWALTER, Respondent.**

No. 94S00–1405–MS–331.

Supreme Court of Indiana.

Nov. 5, 2014.

*PUBLISHED ORDER ACCEPTING SETTLEMENT AGREEMENT AND ISSUING PERMANENT IN-JUNCTION*

On May 13, 2014, the Indiana Supreme Court Disciplinary Commission filed a Verified Petition to Enjoin the Unauthorized Practice of Law against Respondent, Stuart Showalter. The Commission's Verified Petition alleges, among other things, that Showalter offered and provided legal advice and services to Indiana residents in family law matters, and that Showalter offered and provided assistance as a non-lawyer directly to Indiana residents when not being directly supervised or employed by a lawyer. Article 7, section 4 of the Indiana Constitution, Indiana Code section 33–24–1–2, and Indiana Admission and Discipline Rule 24 give this Court original jurisdiction over this matter.

Subsequent to the Commission's filing of the Verified Petition and the appointment of a commissioner to hear evidence and report findings, the parties jointly tendered a "Settlement Agreement and Release" to this Court for its consideration. The Court rejected the settlement agreement as originally written and proposed alternate terms as described below, which the parties have accepted.

Accordingly, by the express agreement of the parties, the Court accepts and incorporates by reference those portions of the settlement agreement reflecting that (1) this Court has exclusive and original jurisdiction over matters involving the unauthorized practice of law; (2) Showalter, who is not licensed to practice law in Indiana or any other jurisdiction, advertised and provided legal services to litigants in family law matters; and (3) the appropriate penalty for Showalter's actions is a permanent injunction. The Court also agrees with the parties that the non-exclusive list of acts indicated by the agreement as "specifically prohibited" are encompassed within the scope of the permanent injunction. All other provisions of the settlement agreement as originally written are not accepted, are expressly rejected, and are null and void.

Respondent, Stuart Showalter, is hereby PERMANENTLY ENJOINED from providing legal advice or legal services to others, including but not limited to the acts identified in the settlement agreement as "specifically prohibited," unless and until he has obtained a license to practice law in Indiana. This restriction shall not preclude Respondent from seeking employment from, or being employed by, a lawyer or law firm as a non-lawyer assistant, so long as, while doing so, he abides by the terms of this permanent injunction and does not contravene the Indiana Rules of Professional Conduct or Guideline 9 for the Use of Non–Lawyer Assistants.

With the Court's acceptance of this agreement, the commissioner appointed in this case is discharged. The Court thanks Judge Hamner for his service as commissioner.

The Clerk is directed to send a copy of this order to the Honorable Lance D. Hamner, Judge of the Johnson Superior Court; to Respondent; to counsel of record; to Jeffrey Hawkins, President of the Indiana State Bar Association; to Gregory

Zoeller, Attorney General of Indiana; and to the Supreme Court Administration Office. Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.

All Justices concur.